UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS B.,<br>Plaintiff,<br>v.<br>FRANK BISIGNANO, Commissioner of Social Security,<br>Defendant. | Case No.: 3:25-cv-03484-AHG<br>**ORDER GRANTING CORRECTED JOINT MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (28 U.S.C. § 2412(d))**<br>**[ECF Nos. 16, 17]** |

Before the Court is the parties' Corrected Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act ("Joint Motion"). ECF No. 17. The parties jointly request an award of $7,600.00 in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). *Id.* For the reasons set forth below, the Court **GRANTS** the Joint Motion.

## I. BACKGROUND

The underlying action involves Plaintiff's appeal of the Social Security Administration's denial of his applications for disability insurance benefits and supplemental security income. ECF No. 1. On June 11, 2026, the parties filed a Joint Motion to Remand to the Social Security Administration. ECF No. 12. On June 17, 2026, the Court granted the parties' Joint Motion, reversed the Commissioner's decision, and

remanded this action for further administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). ECF No. 14. Judgment was entered on June 18, 2026. ECF No. 15.

On August 10, 2026, the parties filed a Joint Motion for the Award and Payment of Attorney Fees and Expenses pursuant to the EAJA. ECF No. 16. On August 24, 2026, the parties filed the instant corrected Joint Motion seeking an award of attorney fees under the EAJA in the amount of $7,600.00. ECF No. 17. The Joint Motion includes an itemized billing statement reflecting 27.8 attorney hours and 3.2 paralegal hours, resulting in a lodestar of $8,003.55. ECF No. 17-2. The parties have agreed to reduce the requested EAJA award to $7,600.00. ECF No. 17.

## II. THRESHOLD ISSUE OF TIMELINESS

According to the EAJA, an application for fees must be filed "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). A final judgment is "a judgment that is final and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G). The Ninth Circuit has held that the EAJA's 30-day filing period does not begin to run until after the 60-day appeal period in Federal Rule of Appellate Procedure 4(a).[1] *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 612 (9th Cir. 2007).

Here, judgment was entered on June 18, 2026, and the Joint Motion was filed on August 24, 2026. ECF Nos. 15, 17. Accordingly, the Joint Motion was timely filed.

## III. DISCUSSION

Under the EAJA, a litigant is entitled to attorney fees and costs if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005). The Court

[1] Federal Rule of Appellate Procedure 4(a) provides that a "notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from" if one of the parties is the United States or a United States officer sued in an official capacity. Fed. R. App. P. 4(a)(1)(B).

will address these elements in turn.

**A. Prevailing party**

A plaintiff who obtains a Sentence Four remand is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). Plaintiff is the prevailing party because the Court reversed the Commissioner's decision and remanded the case for further administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). ECF Nos. 14, 15.

**B. Substantial justification**

The government bears the burden of proving that its position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).

Here, the parties have stipulated to the EAJA amount and explain that their agreement "constitutes a compromise settlement of [Plaintiff's] request for EAJA attorney fees[.]" ECF No. 17 at 2. Although Defendant's stipulation does not constitute an admission of liability under the EAJA, the compromise nature of the request is sufficient to find the second element met, given that Defendant has stipulated to the attorney fees and does not argue that its position was substantially justified. *See* ECF No. 17 at 2; *Krebs v. Berryhill*, No. 16cv3096-JLS-BGS, 2018 WL 3064346, at *2 (S.D. Cal. June 21, 2018); *see also Black v. Berryhill*, No. 18cv1673-JM-LL, 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2019).

**C. Reasonableness of Hours**

The parties seek a fee award for 31 total hours billed by Plaintiff's counsel and the paralegals, consisting of 27.8 attorney hours and 3.2 paralegal hours. ECF No. 17-2. The Court finds the number of hours expended reasonable. *See* 28 U.S.C. § 2412(d). The total number of hours billed is within the typical range seen in social security appeals. *See, e.g.*, *Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012) (explaining that "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases"); *Stearns v. Colvin*, No. 3:14-CV-05611 JRC, 2016 WL

730301, at *5 (W.D. Wash. Feb. 24, 2016) (collecting cases to establish that the typical number of hours reported for counsel in a social security case ranged from 18–40 hours). The billing statement reflects a lodestar of $8,003.55, but the parties agreed to reduce the requested EAJA award to $7,600.00. ECF No. 17-2. Therefore, the Court will not question counsel's judgment that the hours expended were necessary to achieve the favorable result for the client in this case. *See Costa*, 690 F.3d at 1136 (reiterating the Ninth Circuit's previous position that "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'") (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112–13 (9th Cir. 2008)).

**D. Reasonableness of Hourly Rate**

The EAJA provides that the Court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit has established that "the EAJA provides for an upward adjustment of the $125 rate contained in the statute, based on cost-of-living increases[.]" *Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005). Accordingly, the Ninth Circuit has set its own statutory maximum EAJA rates, factoring in annual increases in the cost of living. The statutory maximum EAJA rate for attorney work performed in 2025 in the Ninth Circuit was $258.46. *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited October 5, 2026); *see also Black*, 2019 WL 2436393, at *1 (considering the Ninth Circuit's hourly EAJA rate a reasonable rate).

Plaintiff's counsel calculated the lodestar using an hourly rate of $258.46 for 2.5 hours of attorney work performed in 2025 and an hourly rate of $265.51 for 25.3 hours of attorney work performed in 2026. ECF No. 17-2. Additionally, paralegal time was billed at a rate of $200.00 per hour. *Id.* The resulting lodestar is $8,003.55. *Id.* The parties agreed

to reduce the requested EAJA award to $7,600.00. ECF No. 17. Considering the hours and rates used to calculate the lodestar, together with the parties' agreement to reduce the requested award below the calculated lodestar, the Court finds the requested fee award of $7,600.00 reasonable.

**E. Assignment of Rights to Counsel**

The parties jointly request that fees be made payable to Plaintiff, but that if the Department of the Treasury determines Plaintiff does not owe a federal debt, payment may be made directly to Plaintiff's attorney pursuant to Plaintiff's assignment. ECF No. 17 at 2. Plaintiff's executed assignment is attached to the Joint Motion. ECF No. 17-1.

The Supreme Court has held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010). Nonetheless, "district courts have recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018 WL 2012330, at *4–*5 (reviewing Plaintiff's assignment agreement and ordering that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt); *Bell v. Berryhill*, No. 16cv809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018) (same); *Blackwell v. Astrue*, No. CIV-08-1454-EFB, 2011 WL 1077765, at *4–*5 (E.D. Cal. Mar. 21, 2011) (same); *see also Calderon v. Astrue*, No. 08cv1015-GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 21, 2010) ("Plaintiff, as the prevailing litigant, would normally be awarded the fees described above, subject to any offset for applicable government debts. Defendant, however, seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt . . . This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset"); *cf. Hernandez v. Berryhill*, No. 15cv1322-DB, 2017 WL 2930802, at *3 (E.D. Cal. July 10, 2017) (declining to order that the EAJA fees be paid to plaintiff's counsel, subject to any administrative

offset due to outstanding federal debt, because the parties failed to produce evidence of an assignment agreement).

Plaintiff executed an assignment of EAJA fees to counsel. ECF No. 17-1. Accordingly, if Plaintiff has no federal debt that is subject to offset, the award of fees may be paid directly to Plaintiff's counsel pursuant to the assignment.

## IV. CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that:

1. The parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses (ECF No. 16) is **DENIED AS MOOT** in light of the corrected filing;
2. The parties' Corrected Joint Motion for the Award and Payment of Attorney Fees and Expenses (ECF No. 17) is **GRANTED**;
3. Plaintiff is awarded attorney fees under the EAJA in the amount of $7,600.00; and
4. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government may make payment directly to Plaintiff's counsel pursuant to Plaintiff's assignment.

**IT IS SO ORDERED**.

Dated: October 6, 2026

Allison H. Goddard

Honorable Allison H. Goddard
United States Magistrate Judge